The Honorable Bill Strait Prosecuting Attorney Fifteenth Judicial District 108 North Second Street P.O. Box 460 Dardanelle, AR 72834
Dear Mr. Strait:
This is in response to your request for an opinion on the following questions regarding the acquisition of a natural gas distribution system to serve Yell County:
 1. Can the County proceed with the acquisition of a natural gas distribution system solely under the Energy Conservation and Renewable Energy Resource Finance Act a/k/a A.C.A. § 14-167-201 et seq.?
 2. Can the County negotiate with and contract with one firm for the acquisition of a natural gas distribution system?
 3. Does A.C.A. § 14-167-201 et seq. give the County the authority to proceed with a contract for acquisition of a natural gas distribution system without notice and solicitation of bids?
Please note that I have enclosed a copy of Attorney General Opinion 93-171, which addresses the applicability of the Energy Conservation and Renewable Energy Resource Finance Act ("the Act") to the development of a rural natural gas distribution system. As noted therein, a conclusive answer regarding any particular proposed system would require a factual determination. As a general matter, however, if the system in fact falls within the Act's definition of "energy facilities (see A.C.A §14-167-203(1)), it is my opinion that the answer to your first question is "yes." The Act provides that it ". . . shall be the sole authority necessary to be complied with." A.C.A. §14-167-204.
With regard to your second question, it is my opinion that the answer is, again, generally "yes" if the proposed system constitutes an "energy facility" within the meaning of the Act.See again Op. Att'y Gen. 93-171. The County has broad authority under the Act to "contract concerning" energy facilities, and there appears to be no limitation or requirement regarding the number of entities involved in accomplishing a so-called "energy project." See A.C.A. §§ 14-167-205 and -206.
The answer to your second question also applies in response to question number 3. The analysis set forth in Opinion 93-171 with regard to the procurement of professional engineering services would, I believe, also apply in assessing the applicability of other general laws requiring notice and solicitation of bids. The Act contains no such requirement, and it must be concluded that such other general laws would not apply in light of A.C.A. §14-167-204, which states:
 This subchapter is to be liberally construed to accomplish the purposes of it and shall be the sole authority necessary to be complied with. To this end, it shall not be necessary to comply with general provisions of other laws dealing with energy facilities, their acquisition, construction, leasing, encumbering, or disposition.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh